IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dean S. McKnight,

    Plaintiff,

    v.                       Case No. 2:18-cv-1025

Commissioner of
Social Security,

    Defendant.

## OPINION AND ORDER

Plaintiff, Dean S. McKnight, brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits. In a decision rendered on September 13, 2017, the administrative law judge ("ALJ") found that plaintiff has severe impairments consisting of bilateral carpal tunnel syndrome with right upper extremity release, cervical degenerative disc disease, degenerative joint disease of the left shoulder, diabetes, depression, anxiety, post-traumatic stress disorder ("PTSD"), and dysthymic disorder. R. 238. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform light work with certain physical restrictions. The RFC also limited plaintiff to work involving no demands for fast pace in a static environment with infrequent changes. R. 240. After considering the testimony of a vocational expert, the ALJ concluded that there are jobs which plaintiff can perform and that plaintiff is not disabled. R. 244-245.

This matter is now before the court for consideration of plaintiff's corrected objections to the June 4, 2019, report and

recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed and that plaintiff's motion to remand this case to the Commissioner under sentence six of 42 U.S.C. §405(g) be denied.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*

*v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff objects to the conclusion of the magistrate judge that the ALJ provided good reasons for assigning little weight to the opinion of Matthew Stevenson, M.D., plaintiff's treating psychiatrist.

Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3 (Soc. Sec. Admin. July 2, 1996). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart*, 710 F.3d at 376. However, the ALJ is not required to address each of these factors in the written decision. *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010); *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear

to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. However, an ALJ need not discuss every piece of evidence in the record for his decision to stand, *see Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004), and the failure to cite specific evidence does not indicate that it was not considered, *see Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004).

In a medical source statement dated May 23, 2016, Dr. Stevenson expressed the opinion that plaintiff had marked impairment in his ability to accept instructions and criticism from supervisors and to work in coordination with others; extreme impairment in his ability to respond appropriately to co-workers; and mild impairment in his ability to relate to the general public. R. 825. Dr. Stevenson further indicated that plaintiff had marked and extreme impairments in the areas of sustained concentration and persistence; marked impairment in his ability to respond appropriately to changes in a work setting; and extreme impairments in his ability to behave predictably, reliably and in an emotionally stable manner and to tolerate customary work pressures. R. 826-827.

In a letter dated May 23, 2016, Dr. Stevenson noted that plaintiff had been diagnosed with dysthymia, PTSD, an anxiety disorder with panic attacks, and a major depressive disorder with recurrent anxious distress. R. 819. Dr. Stevenson stated that plaintiff had been engaging in group psychotherapy and medication management with limited benefit. He indicated that plaintiff continued to complain of depressed and irritable mood, poor sleep

4

and anxiety, and that plaintiff had made multiple unsuccessful attempts at sustaining employment. Dr. Stevenson opined that plaintiff would not be able to sustain gainful employment.

The court disagrees with the assessment of the magistrate judge that the ALJ provided good reasons for giving little weight to Dr. Stevenson's opinions that plaintiff has disabling functional limitations. The ALJ correctly noted that the issue of disability is one reserved to the Commissioner. R. 242. *See Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). However, the ALJ did not otherwise adequately explain his rejection of Dr. Stevenson's opinions that plaintiff had marked and extreme impairments in several areas. The ALJ simply stated that the

> record is inconsistent with this opinion, including a good mood and affect, appropriate dress and grooming, appropriate thought content and processes, no hallucinations, good rapport, normal speech, linear thought process, and good judgment.

R. 242-43. The ALJ further commented that Dr. Stevenson's own treatment notes supported a lesser degree of severity. R. 243. However, he did not address Dr. Stevenson's observations that plaintiff had engaged in group psychotherapy and medication management with only limited benefit, that he continued to complain of depressed and irritable mood, poor sleep and anxiety, and that, although plaintiff had made multiple attempts at sustaining employment, these attempts were unsuccessful. R. 819.

The court concludes that a remand is warranted for the ALJ to give further consideration to the opinions of Dr. Stevenson and to explain his reasoning for the weight given to those opinions. Plaintiff's first objection is sustained, and the first branch of the report and recommendation is denied.

Plaintiff also objects to the recommendation of the magistrate judge that his motion to remand under sentence six of 42 U.S.C. §405(g) should be denied. In light of the court's resolution of the first objection, this court need not address this branch of the magistrate judge's report and recommendation. The motion to remand is moot. On remand, the ALJ shall also consider the consultative evaluation completed for the Veterans Administration ("VA") by James P. Reardon, Ph.D. on August 15, 2016, see R. 212, 219-227, as well as any other new evidence which plaintiff wishes to present which may be relevant to the weight given Dr. Stevenson's opinions.

III. Conclusion

For the reasons stated above, the court denies in part the magistrate judge's report and recommendation (Doc. 19). The decision of the Commissioner is reversed, and this case is remanded to the Commissioner for further proceedings consistent with this opinion. The motion to remand (Doc. 12) is moot. The clerk is directed to enter final judgment in this case.

Date: February 12, 2020      s/James L. Graham
                                  James L. Graham
                                  United States District Judge